CHOI & ITO
Attorneys at Law

CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
cchoi@hibklaw.com
aito@hibklaw.com

Attorneys for Debtor
And Debtor-in-Possession

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF HAWAII**

| In re: | Bk. No. 19-01266 (Chapter 11) |
|---|---|
| KAUMANA DRIVE PARTNERS, LLC, | *Ex Parte* Motion For Order Setting Administrative Expense Claims Bar Date; Declaration of Benjamin L. Meeker |
| Debtor and Debtor-in-Possession. | |

**EX PARTE MOTION FOR ORDER SETTING FIRSTADMINISTRATIVE EXPENSE CLAIMS BAR DATE**

KAUMANA DRIVE PARTNERS, LLC, debtor and debtor-in-possession ("Debtor"), by and through its undersigned counsel, does hereby move *ex parte* for an order setting a first administrative claims bar date in this case. In support of this motion (the "Motion"), the Debtor respectfully represents as follows

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On October 6, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the instant case.

4. The Debtor's sole asset was the 100-bed skilled-nursing facility in Hilo, Hawaii, commonly referred to as the Legacy Hilo Rehabilitation and Nursing Center (the "Facility"). The Debtor filed its petition for the purpose of consummating a pre-petition Purchase and Sale Agreement (the "PSA") with HILO SNF, LLC (the "Buyer") which contemplated a sale of the Facility and related assets for $17.5 million, free and clear of liens and encumbrances pursuant to Section 363 of the Bankruptcy Code.

5. Because the Debtor is a "health care business" within the meaning of the Bankruptcy Code, the Debtor stipulated to the early appointment of a Patient Care Ombudsman ("PCO") pursuant to Section 333 of the Bankruptcy Code. The PCO was discharged by an order dated February 21, 2020.

6. On October 7, 2019, the Debtor filed a *Motion for Order Approving Bid Procedures for Sale of Substantially All of Debtor's Assets and Related Relief* ("Bid Procedures Motion"). The Bid Procedures Motion was approved.

7. On October 22, 2019, the UST appointed a three-member Committee of Unsecured Creditors consisting of Alston Hunt Floyd & Ing / Dentons US LLP, Ashford & Wriston, LLP and Carl H. Osaki, AAL, ALC. The Committee retained Steven Guttman of Kessner Umebayashi Bain & Matsunaga as its counsel.

8. On November 8, 2019, the Debtor filed its *Motion for Order Authorizing (A) Sale of Substantially All of Debtor's Assets Free and Clear of Liens and Encumbrances; (B) Assumption of Management Agreement; and (C) Related Relief* (the "Sale Motion") seeking to sell the Facility and substantially all related assets to the Buyer pursuant to the PSA.

9. On December 12, 2019, the Court entered its *Order Approving (I) Sale of Debtor's Personal Property Free and Clear of Liens, Pursuant to 11 U.S.C. § 363; and (II) Assumption and Assignment of Leases and Executory Contracts Pursuant to 11 U.S.C. § 365; Exhibits A-C* (the "Sales Order").

10. On December 31, 2019, the Debtor consummated the transactions contemplated in the Sale Order. After payment of closing costs and expenses, the estate received $1,572,036.85.

11. The Debtor believes it has paid all accrued expenses through the closing date. The Debtor has also made final payroll through December 31, 2020 to its former employees. The Debtor is in the process of transferring accrued (pre-petition) and post-petition "vacation" of employees who have gone to work for the Buyer pursuant to the Second Amendment to the PSA. The accrued post-petition vacation and "sick" pay to those employees who did not go to work for the Buyer have also been paid.

12. Finally, the Debtor has paid the fees and expenses of its professionals, the PCO, her counsel and Committee counsel as well as the United States Trustee's quarterly fees through December 31, 2020. The Debtor has also paid all post-petition taxes through December 31, 2020.

13. Consequently, the Debtor does not believe there are any unpaid post-petition administrative claims through December 31, 2020.

14. The Debtor and the Committee are working together to collect certain receivables and to litigating certain disputed claims.

## Relief Requested

15. By this Motion, the Debtor requests that the Court (i) set a deadline of June 30, 2020 by which administrative expense claims accrued between October 6, 2019 and December 31, 2019 must be filed, and (iii) approve the

Procedures as set forth below to determine the amount of administrative expenses incurred.

16. The Debtor proposes the following procedures ("Procedures"):

    a. Upon entry of the order approving the Motion, Debtor shall send a notice to all creditors on the matrix, including but not limited to employees who worked for the Debtor as of the Petition Date, parties who have filed proofs of claim, and vendors and others that provided goods and services to the Debtor post-petition.

    b. The Notice shall inform such creditors of the June 30, 2020 administrative claim filing deadline for any administrative expense incurred from October 6, 2020 through December 31, 2020.

17. While Rule 3002(c) of the Federal Rules of Bankruptcy Procedure provides that a proof of claim is timely if it is filed within ninety days of the first date set for the § 341(a) meeting of creditors, no such rule exists for administrative expenses. "As a result, bankruptcy courts may exercise discretion in setting administrative claim bar dates." *In re Pfankuch*, 07-01469-JDP, 2008 WL 5683489 (Bankr. D. Idaho Nov. 17, 2008).

18. As noted by one court,

    > Legislative history reveals that Congress intended to leave the setting of specific filing deadlines to the Rules of Bankruptcy Procedure. The Rules of Bankruptcy Procedure, in turn, largely

>defer that duty to the bankruptcy judges. As a result, bankruptcy judges have, for some time, been accorded discretion in setting administrative-claim bar-dates.

*Matter of DP Partners Ltd. P'ship*, 106 F.3d 667, 672 (5th Cir. 1997) (internal footnotes omitted).

19. The relief requested herein will allow the Debtor to understand what reserves should be set aside for potential administrative claims and inform the efforts of the Debtor and Committee regarding cash that would be available for distribution to pre-petition creditors. Section 105(a) of the Bankruptcy Code authorizes the Bankruptcy court to enter "any order . . . that is necessary or appropriate to carry out the provisions of this title." Because the proposed procedures protect the Debtor without prejudicing those holding administrative expense claims, they carry out Section 502 and 503 in a manner fully consistent therewith and are appropriate under Section 105(a).

20. The Office of the United States Trustee does not oppose the relief sought herein. The Committee supports the relief sought herein.

WHEREFORE, the Debtor respectfully requests the entry of an order: (i) establishing a deadline of June 30, 2020 by which claims must be filed for administrative expenses accrued during the period October 6, 2019 through December 31, 2019, and (ii) establishing the Procedures to determine

administrative expense claims, and (iii) granting such other and further relief as is just and proper.

DATED: Honolulu, Hawaii, April 20, 2020.

/s/ Allison A. Ito
CHUCK C. CHOI
ALLISON A. ITO
Attorneys for Debtor and
Debtor-in-Possession

CHOI & ITO
Attorneys at Law

CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
cchoi@hibklaw.com
aito@hibklaw.com

Attorneys for Debtor
And Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re: | Bk. No. 19-01266 (Chapter 11) |
|---|---|
| KAUMANA DRIVE PARTNERS, LLC, | |
| Debtor and Debtor-in-Possession. | |

**DECLARATION OF BENJAMIN L. MEEKER IN SUPPORT OF MOTION**

I, Benjamin L. Meeker, hereby declare under penalty of perjury that

1. I am the President of Kaumana Drive Partners, LLC, the debtor and debtor-in-possession in the above referenced case. I have personal knowledge of the facts stated herein and would competently testify thereto if called as a witness.

2.  I make this declaration in support of the *Ex Parte Motion For Order Setting Administrative Expense Claims Bar Date* (the "Motion"). Terms used herein and not otherwise defined shall have the meaning given them in the Motion.

3.  I have reviewed factual assertions made in the Motion. These facts are true and correct to the best of my knowledge, information and belief.

4.  In order to assess the extent of the Chapter 11 administrative expenses that must be paid, the Debtor needs to know with certainty the amounts of such claims that will be asserted against the estate through my Appointment Date. Accordingly, I request that the Court order that the deadline by which the requests for payment of Chapter 11 administrative claims (incurred between October 6, 2019 and December 31, 2019) must be filed is **June 30, 2020.**

I declare under penalty of perjury, that the foregoing is true and correct.
DATED: Carlsbad, California  April 17 , 2020.

BENJAMIN L. MEEKER