

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

In re

Kaumana Drive Partners, LLC,

    Debtor and
Debtor-in-possession.

Bk. No. 19-01266
(Chapter 11)

Hearing
Date:   August 30, 2021
Time:  2:00 p.m.
Judge:  Hon. Robert J. Faris

[Relates to Docket Nos. 506, 550, 552, 553, 554]

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING DEBTOR'S AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS'COMBINED PLAN OF LIQUIDATION AND DISCLOSURE STATEMENT FOR PLAN OF LIQUIDATION DATED JUNE 1, 2021**

The hearing on confirming ("Confirmation Hearing") the *Debtor's and*

*Official Committee of Unsecured Creditors' Combined Joint Plan Of Liquidation*

*and Disclosure Statement* filed herein as docket #506 (the "Plan")[1] was held on

---

[1] Capitalized terms not herein defined shall have the meaning set forth in the Plan.

August 30, 2021, at 2:00 p.m., before the Honorable Robert J. Faris, United States Bankruptcy Judge for the United States Bankruptcy Court ("Court") for the District of Hawaii. Appearances were as noted in the record.

Having considered all of the pleadings and evidence filed in support of confirmation, all of the objections to confirmation of the Plan having been resolved, withdrawn or overruled, and based on the record in this case, the arguments and representations of counsel, and good cause appearing, the Court now makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1.　Kaumana Drive Partners, LLC ("Debtor") is the debtor and debtor-in-possession in Chapter 11 case no. 19-01266, which was commenced with the filing of a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on August 27, 2019 ("Chapter 11 Case") in this Court. *See* dkt. # 1.

2.　As of the Petition Date, the Debtor owned and operated a 100-bed skilled nursing facility in Hilo, Hawaii, commonly referred to as the Legacy Hilo Rehabilitation and Nursing Center (the "Facility"). *See* dkt. # 8 at ¶ 5 (First Day Declaration of Benjamin Meeker).

3.　As of the Petition Date, substantially all of the Debtor's assets were subject to pre-petition liens held by CPIF, which was owed approximately $13.9 million. *Id.* at ¶ 5; *see also* dkt. # 83 (Stipulated Cash Collateral Order).

- 2 -

4. Shortly before the Petition Date, the Debtor and HILO SNF entered into a Management Services Agreement and a Purchase and Sale Agreement ("PSA") whereby HILO SNF (a) agreed to manage the Facility pending consummation of the sale contemplated in the PSA; and (b) agreed to purchase the Facility and related assets for $17.5 million, subject to due diligence. *See* dkt. # 14 (Motion for Order Approving Bid Procedures for Sale of Substantially All of Debtor's Assets and Related Relief; Exhibits A-B).

5. On October 22, 2019, the Office of the United States Trustee (the "UST") appointed a three-member Official Committee of Unsecured Creditors consisting of Dentons US LLP (fka Alston Hunt Floyd & Ing), Ashford & Wriston, LLP, and Carl H. Osaki, AAL, ALC. *See* dkt. # 46.

6. At a hearing held on November 4, 2019, the Court approved the Bid Procedures Motion over the objections of certain limited partners of the Debtor's parent, Regency Venture Fund, LLLP ("RVF"). *See* dkt. #76.

7. On November 8, 2019, the Debtor filed its Motion for Order Authorizing (A) Sale of Substantially All of Debtor's Assets Free and Clear of Liens and Encumbrances; (B) Assumption of Management Agreement; and (C) Related Relief (the "Sale Motion") seeking to sell the Facility and substantially all related assets to the Buyer pursuant to the PSA.

8. On December 12, 2019, the Court entered an order approving the Sale

U.S. Bankruptcy Court - Hawaii   #19-01266   Dkt # 562   Filed  09/15/21   Page 3 of 22

Motion over the objection of certain limited partners in RVF.  *See* dkt. # 102.

9.     On December 31, 2019, the sale of the Facility and related assets to HILO SNF closed.  CPIF, the holder of the sole mortgage encumbering the Facility, was paid $14,900,00.00 in full satisfaction of its liens at closing.  *See* dkt. #109 (Report of Sale).  After payment of closing costs and expenses, the estate received $1,572,036.85.  *Id*.

10.     On February 22, 2020, certain limited partners in RVF filed proof of claim no. 22 in an unliquidated amount ("POC 22"), purportedly on behalf of RVF.

11.     The Debtor filed its Objection to POC 22 on April 3, 2020, and the limited partners filed a Reply on April 27, 2020.  *See* dkt ## 197, 215.

12.     On January 25, 2021, certain limited partners in RVF filed their *MOTION INSUPPORT OF THEIR PROOF OF CLAIM AND EQUITY INTEREST, INCLUDING (1) CLAIMANTS' ENTITLEMENT TO THE SURPLUS FUNDS IN THE DEBTOR'S ESTATE AFTER THE PAYMENT OF ALL LEGITIMATE CREDITORS; (2) OBJECTIONS TO UNSECURED CLAIMS; (3) AN ORDER REQUIRING REPAYMENT TO DEBTOR'S ESTATE OF CERTAIN PREFERENTIAL TRANSFERS MADE BEFORE FILING FORBANKRUPTCY; (4) AND PROTECTIVE ORDER* (the "First LP Motion").  *See* dkt. #388.

13.     On February 16, 2021, the Debtor filed its opposition to the First LP

U.S. Bankruptcy Court - Hawaii   #19-01266   Dkt # 562   Filed  09/15/21   Page 4 of 22

Motion.  *See* dkt. #400.

14.    On March 1, 2021, the Court conducted a hearing on the Debtor's objection to POC 22 and the First LP Motion.  *See* dkt. # 426 (minutes).

15.    On April 14, 2021, the Court entered an order granting in part and denying in part the First LP Motion.  *See* dkt. #452.  The order prohibits the Debtor from disbursing any surplus funds or other property of the Debtor's estate to RVF and requires that distribution of any surplus funds (as between partners within RVF) be determined by another court (the First Circuit Court).  The Court also denied without prejudice the balance of the First LP Motion because (a) "the Limited Partners failed to give proper notice and service to the holders of those claims; and (b) the Limited Partners currently lack power to seek avoidance of any transfers by the Debtor."  Id. (emphasis added).

16.    On April 14, 2021, the Court entered an order sustaining the Debtor's objection to POC 22, in which the Court stated that the limited partners "may seek an order in the proceeding entitled *Ying Lu, et al. v. Hawaiian Islands Regional Center, LLC, et al.*, Civil No. Civil No. 17-1- 1699-10 (JPC) requesting permission from the Hawaii First Circuit Court to assert, on behalf of Regency Venture Fund, LLLP ('RVF'), any claims of RVF against the Debtor."  *See* dkt. #451.

17.    On June 1, 2021, the Debtor and Committee (the "Proponents") filed their *Proposed Joint Disclosure Statement and Plan of Liquidation the Plan*.  *See*

- 5 -

dkt. # 506.

18.     Among other things, the Plan contained a proposed settlement of the Law Firm Claims, the Victus Claim and the extinguishment of the estate's avoidance claims.   *See* Plan at Sections VI.C.4., VI.C.5, and XIV.H.

19.     On June 4, 2021, certain limited partners in RVF filed a [Second] *Claimants' Motion In Support Of Their Proof Of Claim And Equity Interest, Including (1) Claimants Entitlement To The Surplus Funds In The Debtor's Estate After The Payment Of All Legitimate Creditors; (2) Objections To Unsecured Claims; (3) An Order Requiring Repayment To Debtor's Estate Of Certain Preferential Transfers Made Before Filing For Bankruptcy; (4) And Protective Order.* (the "Second LP Motion").   *See* dkt. # 516.

20.     The relief sought in the Second LP Motion is identical to the first LP Motion.   As of the filing of the Second LP Partners, movants had not requested permission from the Circuit Court presiding over the Investor Lawsuit to assert (on behalf of RVF) any claims of RVF against the Debtor.[2]

21.     On July 12, 2021, the Debtor filed its *Statement Regarding [the Second LP Motion]*, requesting the hearing on the Second LP Motion, which was scheduled for July 26, 2021, be continued to coincide with the hearing to confirm the Plan, which was set for August 30, 2021.   *See* dkt. # 536.

---

[2] This Court may take judicial notice of the docket of the Investor Lawsuit.

U.S. Bankruptcy Court - Hawaii   #19-01266   Dkt # 562   Filed  09/15/21   Page 6 of 22

22.    On July 26, 021, the Court continued the hearing on the Second LP Motion to August 30, 2021.  *See* dkt. # 545 (minutes).

### Conditional Approval of the Disclosure Statement, Solicitation, and Confirmation Hearing Notice

*23.*    On June 1, 2021, the Proponents filed their *Ex Parte Motion For Entry Of An Order (1) Conditionally Approving Combined Joint Plan Of Liquidation And Disclosure Statement; And (2) Scheduling A Combined Hearing On Final Approval Of The Disclosure Statement With Plan Confirmation And Setting Deadlines; Exhibit 1*.  *See* dkt. # 507.

24.    On June 21, 2021, the Court entered that certain *Order Granting Preliminary Approval For Combined Joint Plan Of Liquidation And Disclosure Statement And Scheduling A Combined Disclosure Statement And Confirmation Hearing* ("Solicitation Order") that, among other things, (a) preliminarily approved the disclosures in the Plan, (b) established August 30, 2021, as the date for the Confirmation Hearing, (c) established procedures for soliciting and tabulating votes with respect to the Plan, and (d) established procedures governing the Confirmation Hearing.  *See* dkt. # 525.

25.    In accordance with the Solicitation Order, the following items were transmitted to creditors and parties in interest by the Debtor: (a) the Plan, (b) the notice of the Confirmation Hearing; and (c) with respect to those holders of claims or interests in classes entitled to vote under the Plan, a Ballot (as defined in the

U.S. Bankruptcy Court - Hawaii   #19-01266   Dkt # 562   Filed  09/15/21   Page 7 of 22

Solicitation Order). All of said documents were transmitted to the appropriate parties on or before July 5, 2021. *See* dkt. ## 529-534.

26. Service of the Plan and other solicitation matters was adequate and proper as provided by Bankruptcy Rule 3017(d), and no other or further notice is or shall be required.

27. On August 13, 2021, the Office of the U.S. Trustee filed the *United States Trustee's Objection and Comments Regarding to [the Plan]* (the "UST Objection"). *See* dkt. # 550.

28. No other objection or response to the Plan was filed.

29. On August 23, 2021, the Proponents filed their (1) *Confirmation Brief for the [Plan]*; and (2) the *Declaration of Benjamin L. Meeker in Support of Confirmation of Combined Joint Plan of Liquidation and Disclosure Statement*. *See* dkt. ## 552, 553.

30. On August 23, 2021, the Proponents also filed the *Declaration of Allison A. Ito relating to Voting Tabulation*, attesting and certifying the method and results of the ballot tabulation ("Ballot Tabulation") for the Classes of Claims entitled to vote to accept or reject the Plan. *See* dkt. #554.

31. Votes to accept and reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order.

U.S. Bankruptcy Court - Hawaii   #19-01266   Dkt # 562   Filed  09/15/21   Page 8 of 22

32.    This Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of Court, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Case.

33.    The Proponents have the burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of evidence, and has done so as set forth herein.

34.    To the extent not resolved or withdrawn, all objections to the confirmation of the Plan are overruled in all respects.

**Bankruptcy Code Requirements For Confirmation and Classification**

35.    In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates five (5) Classes of Claims and one (1) Class of Equity Interests.  The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class.  Valid business, factual, and legal reasons exist for separately classifying the various classes of claims and Interests created under the Plan.

36.    The Plan specifies that Classes 1 and 2 are  not impaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.  Said Class is deemed to have accepted the Plan because they are not impaired under the Plan.

U.S. Bankruptcy Court - Hawaii   #19-01266   Dkt # 562   Filed  09/15/21   Page 9 of 22

37.     The Plan designates that Classes 3, 4, and 5, are impaired and specifies the treatment of Claims and Equity Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.  Class 6 is deemed to reject the Plan as holders of Class 6 Claims receive receiving nothing under the Plan.

38.     Votes to accept and reject the Plan have been solicited from creditors holding Claims in Classes 3, 4, and 5.  Such votes were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Order, and industry practices.

39.     As set forth in the Ballot Tabulation, Classes 3, 4, and 5 voted to accept the Plan, pursuant to section 1126(c) of the Bankruptcy Code.

**Treatment of HILO SNF LLC and Employee Priority Unsecured Claims**

40.     The holder of the Allowed HILO SNF LLC claim (Class 1) and holders of Allowed Employee Priority Claims (Class 2) will receive at least as much as it would receive in a case under chapter 7 with respect to those Secured Claims.  The Treatment of Classes 1 and 2 are fair and equitable and does not unfairly discriminate against said Classes.

**Unsecured Claims**

41.     The holders of Allowed General Unsecured Claims (Class 3), Allowed Law Firm Claims (Class 4), and Allowed Victus Management Unsecured Claims (Class 5) will receive more than they would receive in a case under chapter

- 10 -

7, because if the assets of the Debtor were liquidated outright, said Class would receive approximately 30.9-32.5% of their total claim amount. Holders of Allowed Claims in Classes 3, 4 and 5 will receive approximately 36% of their Allowed Claims under the Plan. As a result, holders of Allowed Claims in Classes 3, 4, and 5 will receive as much under the Plan than in a case under chapter 7.

## Equity Interests

42. Allowed Equity Interest in Class 6 will not receive any consideration under the Plan.

43. The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class, unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

## Means of Implementation

44. The Plan provides adequate and proper means for the Plan's implementation through use of Cash available from the Chapter 11 debtor-in-possession bank accounts and the Escrowed Funds.

45. The Debtor has exercised sound and considered business judgment in the formulation of the Plan. The Debtor has demonstrated sound business purpose and justification for the Plan, pursuant to Bankruptcy Code section 363(b).

46. All fees payable under section 1930 of title 28, United States Code, as

- 11 -

determined by the Bankruptcy Code, have been paid or will be paid pursuant to the Plan, thus satisfying the requirements of Bankruptcy Code section 1129(a)(12).

47.     Any finding of fact subsequently determined to be a conclusion of law shall be deemed a conclusion of law.

48.     This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

49.     This Bankruptcy Court has jurisdiction over this Chapter 11 Case, pursuant to sections 157 and 1334 of title 28 of the United States Code.  Venue is proper pursuant to sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed and has exclusive jurisdiction over all of the Debtor's assets.

## Confirmation Requirements
## Section 1129(a)

50.     The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a) of the Bankruptcy Code.

(a)     The Plan properly places substantially similar claims in each class and designated such classes of claims, thereby satisfying sections 1122 and

- 12 -

1123(a)(1) of the Bankruptcy Code;

(b)     The Plan specifies the treatment of each Class that is not impaired, thereby satisfying section 1123(a)(2) of the Bankruptcy Code;

(c)     The Plan specifies the treatment of each Class that is impaired, thereby satisfying section 1123(a)(3);

(d)     The Plan provides for the same treatment for each claim or interest in a particular Class, unless the holder thereof agrees to a less favorable treatment, thereby satisfying section 1123(a)(4);

(e)     The Plan includes the adoption and implementation of all corporate actions necessary to implement the Plan and the execution of all documents and the implementation of all actions as required with respect to and in accordance with the Plan provisions, thereby satisfying section 1123(a)(5);

(f)     Section 1123(a)(6) does not apply to the Debtor or the Plan;

(g)     The Debtor has disclosed the identities of the President and the Chief Technology Officer of the Reorganized Debtor, consistent with the interests of creditors, equity holders, and public policy in accordance with section 1123(a)(7);

(h)     The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code; and

(i)     The Plan is dated and identifies the Debtor submitting it as

- 13 -

proponent, thereby satisfying Bankruptcy Rule 3016(a).

## Section 1129(a)(2)

51. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

(a) The Debtor is a proper debtor under section 109 of the Bankruptcy Code;

(b) The Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court; and

(c) The Debtor complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, the Ballots, and related documents and notices and in soliciting and tabulating votes on the Plan.

## Section 1129(a)(3)

52. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The good faith of the Debtor is evident from the facts and records of this case, the Plan, and the record of the Confirmation Hearing and other proceedings held in this case. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate and to effectuate a successful

- 14 -

reorganization of the Debtor.

53.     The injunctive provisions of the Plan and the Confirmation Order implement the Debtor's discharge.  Moreover, the Plan provides a mechanism for parties in this case to seek relief from the injunctions.

### Section 1129(a)(4)

54.     Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Debtor's Chapter 11 Case, or in connection with the Plan and incident to the Debtor's Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

### Section 1129(a)(5)

55.     The Debtor has complied with section 1129(a)(5) of the Bankruptcy Code.  The identity of the individuals who will serve as the President and Chief Technology Officer of the Reorganized Debtor as of the Effective Date has been fully disclosed.  The appointment to, or continuance in, such offices of such person is consistent with the interests of holders of Claims against and Equity Interests in the Debtor and with public policy.  The identity of any insider that will be employed or retained by the Reorganized Debtor after the Effective Date and the nature of such insider's compensation have also been fully disclosed.

## Section 1129(a)(6)

56.     Section 1129(a)(6) of the Bankruptcy Code is not applicable to this Debtor.

## Section 1129(a)(7)

57.     The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis provided in the Plan (a) is persuasive and credible, (b) has not been controverted by other evidence, and (c) establish that each holder of a Claim or Equity Interest in an impaired Class either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

## Section 1129(a)(8)

58.     Classes 1 and 2 are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. Classes 3, 4 and 5 are impaired and have voted to accept the Plan in accordance with section 1126(d) of the Bankruptcy Code. Class 6 is conclusively presumed to reject the Plan under section 1126(g) of the Bankruptcy Code. Section 1129(a)(8) of the Bankruptcy Code has been satisfied.

- 16 -

## Section 1129(a)(9)

59.     The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).

## Section 1129(a)(10)

60.     At least one Class of Claims against the Debtor that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by an insider, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

## Section 1129(a)(11)

61.     The evidence proffered, adduced, or presented prior to and at the Confirmation Hearing (a) is persuasive and credible, and (b) establishes that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

62.     In order to satisfy section 1129(a)(11) of the Bankruptcy Code, the Debtor  need not prove that there is an absolute certainty that the conditions to confirmation will be met.  On the contrary, the Debtor need only show that the Plan offers a reasonable assurance of success.  The Plan has the requisite level of likelihood of success.

U.S. Bankruptcy Court - Hawaii   #19-01266   Dkt # 562   Filed  09/15/21   Page 17 of 22

## Section 1129(a)(12)

63.     All fees payable under section 1930 of title 28, United States Code, as determined by the Court, have been paid or will be paid pursuant to the Plan, the terms of which are satisfactory to the Debtor and the United States Trustee, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

## Section 1129(a)(13)

64.     Section § 1129(a)(13) of the Bankruptcy Code, which requires a plan to provide for the continuation of payment of all "retiree benefits" is inapplicable in the instant case as the Debtor does not have any such obligation.

## Other Matters

65.     The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933.  No governmental agency with standing to raise an objection pursuant to Bankruptcy Code section § 1129(d) has, in fact, raised any such objection.  This is strong evidence that the principal purpose of the Plan is not tax avoidance.

66.     Based on the record before the Court in this Chapter 11 Case, the Debtor and its respective employees, officers, members, directors, agents, shareholders, and representatives, and any professional persons employed or formerly employed by any of them, have acted in "good faith" within the meaning of Bankruptcy Code section 1125(e) in compliance with the applicable provisions

- 18 -

of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

67.     The release, injunction, and exculpation provisions (as modified in the Plan Confirmation Order) contained in the Plan are fair and equitable, are given for valuable consideration, were properly noticed to holders of Claims and Equity Interests and other interested parties in accordance with the requirements of due process and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, and are in the best interests of the Debtor and its Chapter 11 Estate.

68.     The information contained in the Plan and in Exhibit "1" thereto contains adequate information and that no separate disclosure statement is required under Section 1125(f)(1) of the Bankruptcy Code.

69.     Each term and provision of the Plan is valid and enforceable pursuant to its terms.

70.     The Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

71.     The Bankruptcy Court may properly retain jurisdiction over the matters set forth in Section VII.3 of the Plan and Bankruptcy Code section 1142. It

U.S. Bankruptcy Court - Hawaii   #19-01266   Dkt # 562   Filed 09/15/21   Page 19 of 22

is appropriate for the Court to retain jurisdiction to: (a) enforce and implement the terms and provisions of the Plan; (b) enforce any Assumed Executory Contracts; (c) enforce the default remedies afforded to creditors under the Plan; and (d) resolve any disputes arising under or related to the Plan.

72. Pursuant to Bankruptcy Code section 1146(c): (a) the issuance, transfer, or exchange of notes or equity securities under the Plan; or (b) the creation of any mortgage or other security interest in furtherance of, or in connection with, the Plan shall not be subject to any stamp tax, recording tax, conveyance tax, personal property transfer tax, real estate transfer tax, sales or use tax, or other similar tax.

73. In accordance with section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the distributions and other benefits provided under the Plan, the provisions of the Plan constitute a good-faith compromise of all Claims that all Holders of Claims may have with respect to any Allowed Claim or any distribution to be made on account of such Allowed Claim. The compromise and settlement of such Claims embodied in the Plan are in the best interests of the Debtor, the Estate, and all Holders of Claims, and are fair, equitable, and reasonable. Without limiting the foregoing, the Court finds the settlement of the claims of Classes 4 and 5 are reasonable, fair and equitable, and

U.S. Bankruptcy Court - Hawaii   #19-01266   Dkt # 562   Filed  09/15/21   Page 20 of 22

represent a valid exercise of the Debtor's business judgment under Bankruptcy Rule 9019.

74.     The releases of Claims and Rights of Action by the Debtor described herein and in the Plan in accordance with section 1123(b) of the Bankruptcy Code (the "Debtor's Release"), represent a valid exercise of the Debtor's business judgment under Bankruptcy Rule 9019.  The Debtor's pursuit of any such Claims against the Released Parties is not in the best interest of the Estate's various constituencies because the costs involved would likely outweigh any potential benefit from pursuing such Claims. The Debtor's Release is fair and equitable and complies with the absolute priority rule.

75.     Any conclusion of law later determined to be a finding of fact shall be deemed a finding of fact.

76.     Based on the foregoing findings and conclusions, it is appropriate for the Court to enter the Confirmation Order.

**END OF FINDINGS OF FACT CONCLUSIONS OF LAW**

Approved as to form:


/s/ Neil J. Verbrugge
NEIL J. VERBRUGGE, ESQ.
Counsel for Office of U.S. Trustee

Submitted by:

| | |
|---|---|
| CHOI & ITO | KESSNER UMEBAYASHI BAIN & |
| Attorneys at Law | MATSUNAGA |

| | |
|---|---|
| CHUCK C. CHOI | STEVEN GUTTMAN |
| ALLISON A. ITO | 220 South King Street, Suite 1900 |
| 700 Bishop Street, Suite 1107 | Honolulu, Hawaii 96813 |
| Honolulu, Hawaii 96813 | Attn: Steven Guttman, Esq. |
| Telephone: (808) 533-1877 | Phone: (808) 536-1900 |
| Fax: (808) 566-6900 | E-mail: sguttman@kdubm.com |
| Email: cchoi@hibklaw.com | |
|     aito@hibklaw.com | |

| | |
|---|---|
| Attorneys for | Attorneys for Official |
| Kaumana Drive Partners, LLC | Committee of Unsecured Creditors |

- 22 -